Bowman v. Brown.

52 437
92 60

## BOWMAN V. BROWN ET AL.

1. **Malicious Prosecution**: PROBABLE CAUSE: CONVICTION. In an action to recover damages for malicious prosecution, the fact of conviction upon such prosecution is not conclusive evidence of probable cause for its institution, but may be rebutted by proof that the conviction was based upon false and perjured testimony; in the absence of such proof, however, the judgment of conviction will be deemed conclusive.

2. ———: ———: ———. The fact that the prosecuting witness did not testify falsely upon the trial will not relieve him from liability if he instituted the prosecution maliciously and without probable cause.

3. ———: ———: EVIDENCE CONSIDERED. Evidence considered which was held insufficient to support a verdict for damages on account of malicious prosecution.

4. **Embezzlement**: WHAT CONSTITUTES. The using by a clerk of money of his employer to replace other sums previously appropriated by him to his own use constitutes embezzlement, for which he is liable to his employer in a civil action.

*Appeal from Polk Circuit Court.*

FRIDAY, DECEMBER 5.

ACTION upon a bond executed by defendant Brown, and two sureties, conditioned that Brown, while in the employment of plaintiff as book-keeper and clerk, shall render true account for and pay all moneys coming into his hands in the course of his employment to plaintiff. The cause was continued as to the sureties. Brown answered, admitting the receipt of the moneys charged in the petition, but alleging that he had accounted for and paid over the same. He further pleaded as

a counter claim that plaintiff had caused him to be accused of and indicted for larceny, for feloniously stealing and embezzling $278, without reasonable or probable cause, and with malice and the full knowledge of defendant's innocence, and that plaintiff falsely testified upon the trial of the indictment wherein defendant was convicted, whereby he sustained damages in the sum of $10,000.

There was a verdict and judgment for defendant in the sum of $3,000. Plaintiff appeals.

*Phillips, Goode & Phillips*, for appellant.

*Parsons & Runnells*, for appellee.

BECK, CH. J.—I. The defendant Brown in his answer admitted the receipt by him of the identical sums of money which he is charged with appropriating to his own use in the petition, but he alleged that he accounted therefor and paid the same as required in the discharge of his duty. There was evidence introduced by him tending to support the allegations of his answer. Plaintiff introduced evidence, consisting of his books of account and other testimony, tending to show that defendant had failed to account for certain moneys received by him in the course of his employment. Upon the issues arising on the counter-claim there was evidence introduced tending to prove that plaintiff had testified before the grand jury finding the indictment and upon the trial, and that he had instigated the prosecution.

II. The court gave the following instructions to the jury:

"VII. In this cause it is admitted by the pleadings that the defendant was convicted of the offense charged, and if

1. MALICIOUS prosecution: probable cause: conviction. there has been no proof offered showing upon what evidence such conviction was had then the conviction of the defendant in said cause is conclusive evidence of the existence of probable cause, and you will find for plaintiff on defendant's counter-claim. But if the evidence by plaintiff upon which said conviction was had has been proved before you, and you find that the same was false,

and that said conviction was without foundation in law, then you will find for defendant upon his counter-claim, if you find such prosecution was malicious and without probable cause.

\*　　\*　　\*　　\*　　\*　　\*　　\*　　\* ."

This instruction, in holding that conviction of the defendant was not conclusive upon the question whether plaintiff had probable cause to prosecute defendant, is probably correct. *Moffatt et al v. Fisher*, 47 Iowa, 473. The second sentence of

2. —: —. the instruction seems to hold that, to render plain-
—. tiff liable, the jury should find that he testified falsely and that defendant was convicted illegally, "without foundation of law," and the prosecution was malicious and without probable cause. We cannot approve this instruction. We think that if plaintiff instituted the prosecution maliciously and without probable cause he would be liable, even though he did not testify falsely in the case. The instruction, however, should have been regarded and followed by the jury as the law of the case, and under it we think there is an utter failure of testimony to support the verdict. The evidence utterly fails to show what testimony was given by plaintiff on the trial of the indictment. It was, therefore, impossible for the jury to find that plaintiff did testify falsely.

III. We think, too, that there is an utter absence of testimony tending to show want of probable cause for the prosecu-

3. —: —: tion, and that on the contrary it clearly appears
evidence con-
sidered. that plaintiff had probable cause to believe that defendant was guilty of embezzling funds entrusted to his care. It is shown that defendant confessed to plaintiff and others that he had misappropriated money coming into his hands which belonged to plaintiff. He produced a private book kept by himself, showing the sums he had appropriated and the sources from whence he had received them, and explained the manner of concealing his appropriation of the money. The books of account kept by defendant, and other testimony in the case, if they do not fully establish the truth of his confession, surely tend strongly to support it.

The defendant in this case introduced testimony tending to

show that plaintiff's books kept by him do not show the em-
bezzlement, and that when defendant made the confession he
was sick of typhoid fever and was not in full possession of his
mental faculties.    But there is nothing to authorize the con-
clusion that the plaintiff knew, or had cause to believe, that
defendant's mind was in any degree affected.    When he made
his confession to plaintiff, which was repeated to others, de-
fendant had been sick and absent from business not to exceed
three days.    His conversation and manner were not such as
to lead plaintiff to suspect that his confession was the expres-
sion of an unsound mind.    Defendant testified in this case that
he had no recollection of his confession; that he was sick at
the time it is alleged to have been made and did not recover
until after he was convicted and sent to the penitentiary.    He
stated that he thought the books of plaintiff as kept by him
would not show him to be in arrears.    But he fails to state
positively or inferentially that he did not misappropriate the
funds committed to his care, and does not deny the charge of
embezzlement.    He was twice upon the stand as a witness in
his own behalf, yet he fails to deny his guilt, or to show that
his transactions were correct and honest.    His silence certainly
raises a presumption against him.    We conclude that, under
the instructions, the verdict is so against the testimony as to
lead to the conclusion that it was the result of passion and
prejudice, and not of a fair and intelligent exercise of the dis-
cretion of the jury.

IV.· The evidence tended to show that the different sums
of money, the embezzlement whereof was the foundation of
4. EMBEZZLE- the criminal proceedings and to recover which
MENT: what
constitutes.    this suit was brought, were received at the office
of plaintiff, who was an insurance agent, from policy holders,
either by plaintiff or defendant, and when received by plain-
tiff were delivered to defendant, who deposited the money in
a bank, and that defendant, in making out the monthly reports
sent to the insurance company, marked and reported such sums
as unpaid in order to make his accounts balance and to cover
deficiencies on account of sums he had before appropriated to
his own use.    The plaintiff asked the court to instruct the

jury that defendant would, in law, be guilty of embezzling and liable in this action for the specific sums he had reported as unpaid. The instructions numbered 4, 5 and 6, presenting this view of the law, were refused. They should have been given. If defendant had appropriated and embezzled certain sums for which he accounted by appropriating other specific sums received by him, which were made to take the place of the money he had before used, it is very plain that he is guilty of embezzling the last sums, for he appropriated them to his own use by applying the money to make up old deficiencies for which he was liable.

V. The sixth instruction asked by plaintiff, and refused, is to the effect that as the pleadings admit defendant was convicted upon the indictment, and there is no proof showing what testimony was given upon the trial, the conviction must be regarded as conclusive evidence of the existence of probable cause for the prosecution. The instruction is correct and should have been given. The conviction of the defendant upon the indictment, in the absence of other evidence, would require the jury to find that the prosecution was instituted upon probable cause; in the condition of the proof, it was, therefore, conclusive evidence.

Other instructions asked by the plaintiff are in harmony with the views we have expressed. They ought to have been given.

For the errors pointed out, the judgment of the Circuit Court is

REVERSED.