[No. 6098. Decided September 22, 1906.]

## Marguerite Goupille, *Respondent,* v. Frank Chaput, *Appellant.*[1]

Pleadings—Complaint—Motion to Make More Definite. Where by a complaint it appeared that the defendant agreed to keep as trustee any money earned by the plaintiff in America, it is proper to overrule a motion to make the same more definite and certain by stating what employment the plaintiff agreed to engage in, since she did not obligate herself to engage in any business.

Same—Bill of Particulars—Motion. In an action upon a contract to keep as trustee all the money earned by the plaintiff, alleged to be $7,305.75, it is not error to overrule a motion to make the complaint more definite and certain by stating the dates and amounts of the payments, since the same amounts to a demand for a bill of particulars and was irregularly made.

Appeal—Review—Verdict. If the facts are such as should have been submitted to the jury, the verdict should not be disturbed for insufficiency of the evidence.

Actions—Form—Action at Law or in Equity—Trustees—Accounting. An action to recover money from a trustee cannot be tried as an action at law before a jury, if it develops that the amount is unliquidated, and could only be ascertained through an accounting; as where there was to be deducted from the amounts paid to the trustee the cost of board and clothing for a period of twenty months, which was unascertained.

Same—Change of Form—Trial—Pleadings—Amendment. Upon its developing, in an action at law to recover a sum due from a trustee that the amount was unliquidated, the court should withdraw the same from the jury for the purpose of an accounting, and try the case in equity, considering the pleadings amended.

Contracts—Public Policy—Actions—Trustee of Earnings of Prostitute. An action at law upon a contract to hold as trustee all the earnings of the plaintiff should not be dismissed as involving an immoral contract, upon its appearing that the money was earned in a house of prostitution, where no contract was necessarily involved except to reserve and hold in trust money deposited with the defendant.

Appeal from a judgment of the superior court for King county, Tallman, J., entered September 14, 1905, upon the

[1]Reported in 86 Pac. 1058.

verdict of a jury rendered in favor of the plaintiff, in an action for an accounting. Reversed.

*Gill, Hoyt & Frye,* for appellant.

*Vince H. Faben,* for respondent.

HADLEY, J.—The complaint in this case alleges, that in the month of January, 1901, the plaintiff and defendant entered into an agreement whereby the defendant agreed that, if the plaintiff would pay to defendant all the money that the plaintiff should earn in America, he would keep the same as trustee for the use and benefit of plaintiff, and would pay to her on demand, and would, when required by plaintiff, account to her for all moneys so paid to him up to the time of such demands; that between the 26th day of January, 1901, and the 31st day of August, 1902, the plaintiff paid to the defendant the sum of $7,305.75; that prior to the commencement of this action and in June, 1903, she demanded of defendant that he account for the money so received by him, but that he refused, and still refuses, to account for the same or any part thereof. Judgment is demanded for the above mentioned sum, with interest from June, 1903. The defendant answered denying the material allegations of the complaint, and upon issues thus formed the cause came on for trial before a jury, and resulted in a verdict for the plaintiff in the sum of $7,305.75. Judgment was entered for the said amount, defendant's motion for new trial was denied, and he has appealed.

It is first assigned that the court erred in denying appellant's motion to make the complaint more definite and specific. The demand of the motion was that the complaint should state particularly into what employment the respondent agreed to enter, from which she would derive any earnings; also, that she should state the dates and respective amounts of the payments made to appellant, from what sources she derived the money, and in what employment she

was engaged during the period covered by the alleged payments. Referring to the first point mentioned in the motion, we think it was not error to deny it. There was no allegation in the complaint that respondent obligated herself by the agreement to earn any money. It was merely alleged that appellant agreed that, if she should pay to him what she should earn, he would keep it for her as trustee. It was therefore no concern of appellant's how the money was earned, since he was merely to receive it from respondent and hold it as trustee for her. The other part of the motion amounted in effect to a demand for a bill of particulars. Treated as such it was, however, irregularly made, and we think it was not error to deny it.

There are a number of assignments of error relating to the introduction of testimony, involving the admission of evidence affecting the character of appellant, and the introduction of a certain so-called account book; and errors are also assigned upon the instructions to the jury. In view of the determination we have decided must be made of the appeal, we believe no useful purpose will be served by discussing these several assignments.

It is contended that the court should have held, on the motion for new trial, that the evidence was insufficient to sustain the verdict. The evidence as to the fact of the deposits having been made with appellant was in direct conflict. Respondent testified specifically that she deposited with him amounts which in the aggregate equaled the amount of the verdict, and appellant denied that any deposits whatever were made with him. The jury must have believed respondent, and although the circumstances appearing in evidence were certainly not ordinary and called for very careful scrutiny of respondent's testimony, yet, it was the province of the jury to do that, and if the facts developed were such as should have been submitted to a jury, we should not disturb the verdict for insufficiency of the evidence, even though we might doubt its sufficiency if we were triers of the facts.

This brings us to what we regard as the pivotal point in this appeal. Was the case one that should have been submitted to a jury? We have seen that the complaint specifically alleged that the relation of appellant to respondent was that of a trustee, and that he received and held the money under no other right, and assumed no other obligation than such as arose from a trusteeship. It was also alleged that a specific amount of money had been paid to the trustee, and that he had failed upon demand to account, the effect of the complaint being to allege that the trustee held in his hands an agreed and liquidated amount. The complaint was not demurrable as it stated a cause of action. If the amount was liquidated, as in effect alleged, then it was a case for the law side of the court, and was for the jury. Until the evidence submitted by respondent was in, no objection could therefore properly have been raised to the submission of the case to the jury. The evidence of respondent, however, discloses that there was no liquidated sum in the trustee's hands to which respondent was entitled.

It becomes necessary here to refer to respondent's testimony. She stated that when seventeen years of age she started to travel from Paris, France, to Missoula, Montana; that her uncle, who resided in Missoula, had sent her a ticket for her passage, and that she started to go to him; that during the voyage she made the acquaintance of appellant, who was also a passenger and was accompanied by a woman whom she supposed to be his wife; that upon their arrival in New York, appellant proposed to respondent that she should go with him and work in a hotel in Vancouver, B. C., and that if she would turn over to him all her earnings he would keep the same for her and pay it over to her on demand, less the expenses of her board, clothing and other living expenses; that she accepted the proposition, and went to Vancouver, where she was in a hotel for about a week,

when she says she was required by appellant to live in a house of prostitution; that she thereafter continued to live in such houses in Vancouver, and also in Bremerton, Tacoma, and Seattle, Washington, and was at the time of the trial following that course of life; that during a period of about twenty months after she began that life she earned as an inmate of houses of ill fame, the sum of $7,305.75, all of which she turned over to appellant from time to time; that she retained no part of her earnings to pay for her living expenses, but turned all over to appellant, and that she was meanwhile provided with her board and clothing, for which appellant was to pay from the sums turned over to him.

It thus appears from respondent's own testimony that there was no liquidated sum in the hands of her trustee to which she was entitled. The amount was indefinite and uncertain, and could only be ascertained through an accounting. Upon respondent's own theory of the case the cost of her board and clothing for a period of about twenty months must be deducted from the amount in her trustee's hands, and she is entitled to no more than a balance which may remain. To determine that balance it is necessary to examine mutual accounts between herself and her trustee. Her testimony therefore discloses that her action is essentially one for an accounting with her trustee. It is true, the answer contains no counterclaim, but simply denies the whole transaction. That fact did not, however, change the nature of the action from one for an accounting when the testimony of respondent showed that there was no agreed and liquidated sum in the trustee's hands. The action must therefore be treated as an equity cause, and determined as such.

"Where the amount due from the trustee can be ascertained only by an accounting, the *cestui que trust* cannot sue at law but must resort to equity." 22 Ency. Plead. & Prac., 137, and cases there cited.

In *Johnson v. Johnson*, 120 Mass. 465, the court said:

"It is well settled that a *cestui que trust* cannot bring an action at law against a trustee to recover for money had and received while the trust is still open; but when the trust has been closed and settled, the amount due the *cestui que trust* established and made certain, and nothing remains to be done but to pay over money, such an action may be maintained."

See, also, *Husted v. Thomson,* 158 N. Y. 328, 53 N. E. 20; 2 Perry, Trusts (5th ed.), § 843.

At the close of the testimony for respondent, appellant's counsel asked for a nonsuit and for dismissal of the action. In connection with the request, the principle above discussed was called to the attention of the court, and the court was asked to take the case from the jury. While the nonsuit and dismissal were properly denied, yet, we think the court under the evidence adduced by respondent, should have taken the case from the jury and determined it as an equity case for an accounting by appellant as trustee. Without dismissing the action, the complaint should have been treated as amended in any particular necessary to conform to respondent's evidence, thus making it what the evidence showed it to be, an equitable cause of action and triable by the court as such.

It is argued by appellant that the cause should be dismissed, for the reason that the evidence discloses that it involves an immoral contract which is void as against public policy. The action was, however, tried as one at law for a liquidated sum of money had and received, and no contract was necessarily involved in the trial of that issue, except that of an agreement to receive and hold in trust money deposited by respondent with appellant. If it be true that the trial of the action as one for an accounting by the trustee would have involved an immoral contract to the extent of requiring a dismissal of the action, it is nevertheless also true that the court did not try the cause so as to pass upon that question, and we shall therefore not pass upon it here. What might have developed, or what may develop upon such

a trial of the case, we do not know, and we therefore decline
to consider such question at this time.

The judgment is reversed, and the cause remanded, with
instructions to grant a new trial and to try the case to the
court as an equity proceeding.

MOUNT, C. J., RUDKIN, and CROW, JJ. concur.

ROOT, J., concurs in the result.