[No. 33349. *En Banc.* November 8, 1956.]

THE STATE OF WASHINGTON, *on the relation of Don J. Clark, Prosecuting Attorney for Yakima County, Respondent, v. JAMES S. HOGAN, Justice of the Peace for Yakima County, Appellant.*[1]

[1]Reported in 303 P. (2d) 290.

*James B. Hovis*, for appellant.

*Don J. Clark* and *Dean C. Smith*, for respondent.

OTT, J.—Ralph Jim was charged in a justice court in Yakima county with the commission of two offenses, set out in a criminal complaint as follows: Count I, that he did ". . . unlawfully hunt game animals to wit: deer, during closed season," and count II, that he did ". . . unlawfully have in his possession and under his control, a game animal, or parts thereof, to-wit: deer, during closed season."

Russell Jim, Robert B. Jim, and Hadley F. Shilow were charged separately in identical manner.

All of the defendants were represented by the same counsel, who, before trial, moved to make the criminal complaints more definite and certain in the following manner: (1) that the complaints set forth whether the defendants were Indians, and (2) that the defendants be informed where the alleged illegal hunting and illegal possession of game animals occurred.

February 23, 1955, the justice of the peace ordered the state to make the complaints more definite and certain by informing the defendants where in Yakima county the alleged illegal acts were committed. The prosecuting attorney re-

fused to make the complaints more definite and certain or to furnish a bill of particulars.

March 18, 1955, counsel for defendants moved for an order of dismissal. His motion was supported by the following affidavit:

"That on the 23rd day of February, 1955, the court ordered that the criminal complaint be made more definite and certain. That since said date neither an amended complaint nor a bill of particulars has been served upon said attorney for the defendants, nor have the same been filed, and said attorney has been advised by the attorney for the State that it is not the intention of the State to file either an amended complaint or a bill of particulars to comply with said order."

No controverting affidavit was filed by the state, and, after hearing arguments of counsel, the court entered an order of dismissal, which read, in part:

" . . . that the plaintiff has not complied with the motion to make more definite and certain by either filing an amended complaint or bill of particulars, *at their option,* and being fully advised in the premises, it is

"ORDERED, that the defendants' motion for dismissal is hereby granted, and the above entitled case is dismissed with prejudice." (Italics ours.)

The state petitioned the superior court for a writ of certiorari. An order to show cause was issued. The justice of the peace appeared and moved to quash the writ. After argument of counsel on both the motion and the merits, the superior court denied the motion to quash, granted the writ, reversed the justice court, and remanded the causes for trial. From the order of the superior court, the justice of the peace has appealed.

The appellant's assignments of error present two main contentions: (1) that the superior court has no authority to review, by writ of certiorari, the action of a justice of the peace in a criminal case; and (2) that the justice court's disposition of the causes was proper under the facts.

■ We find no merit in appellant's first contention. Amendment 28, Art. IV, § 6, state constitution, grants to the

superior courts authority for the issuance of such a writ under these circumstances. This constitutional provision is, in part as follows: "Said courts [superior] and their judges shall have power to issue writs of . . . certiorari, . . ." The broad language of the constitutional provision is self-executing and needs no legislation to vest this power in the superior courts.

▮ The superior court for Yakima county did not err in denying appellant's motion to quash the writ. The order of dismissal in the justice court was a final order and reviewable by certiorari.

With reference to the second main contention: Did the superior court err in reversing the justice court's order of dismissal and remanding the causes for trial?

The justice court's order of dismissal, which is the basis of this appeal, was predicated upon the state's refusal to make the complaints more definite and certain or to furnish a bill of particulars.

▮ We have held that criminal complaints which charge defendants in the language of the statute defining the offenses alleged to have been committed, *ordinarily* are sufficient. *State v. Randall,* 107 Wash. 695, 182 Pac. 575 (1919); *State v. Olsen,* 43 Wn. (2d) 726, 263 P. (2d) 824 (1953). Likewise, we have held that

"An information, or criminal complaint, may state a crime, but still be so vague as to be subject to a motion for a bill of particulars, or it may be so vague as to fail to state any crime whatsoever." *Seattle v. Morrow,* 45 Wn. (2d) 27, 31, 273 P. (2d) 238 (1954).

In this case, it is of no import that the motion was to make the complaints more definite and certain, rather than for a bill of particulars, because the state refused to furnish either. A formal request for a bill of particulars, after such a refusal, would be a vain and useless act. A fundamental rule in American jurisprudence is that the law requires no one to do a thing vain and fruitless.

▮ We have treated a motion to make more definite and certain, which properly should have been a demand for

a bill of particulars, as a request for a bill of particulars. See *Goupille v. Chaput,* 43 Wash. 702, 86 Pac. 1058 (1906). Under the circumstances of this case, we will treat the motion made as a request for a bill of particulars.

■ The granting or denying of a motion to make more definite and certain, or a request for a bill of particulars, requires the exercise of judicial discretion. *State v. Bogardus,* 36 Wash. 297, 305, 78 Pac. 942 (1904); *Messick v. National Council of the Knights & Ladies of Security,* 103 Wash. 143, 147, 173 Pac. 940 (1918).

■ What is judicial discretion? Although it cannot be defined by a hard and fast rule, it means a sound judgment which is not exercised arbitrarily, but with regard to what is right and equitable under the circumstances and the law, and which is directed by the reasoning conscience of the judge to a just result.

Amendment 10, Art. I, § 22, state constitution, provides, in part:

"In criminal prosecutions the accused shall have the right . . . to demand the nature and cause of the accusation against him, to have a copy thereof, . . ."

■ The criminal complaint above set out charged generally that the offenses were committed in Yakima county during closed hunting season. The defendants contend that they are members of the Yakima Indian tribe; that, in the county of Yakima, where the deer allegedly were hunted and possessed illegally, there are reservation areas where Indians may legally hunt and be in possession of deer when the hunting season is closed in the rest of the county, and that the Indians of the Yakima tribe retained these reservation areas and hunting privileges by virtue of the Treaty of 1855 between the United States and the Yakima Indian Nation (12 Stat. 951).

This claim of immunity is, of course, solely a matter of defense, and need not be included in a criminal complaint.

The justice of the peace properly denied that portion of defendants' motion requesting that the complaint set forth whether the defendants were Indians.

■ ■ In the proper exercise of its discretion, the justice court ruled that the *nature* and *cause* of the accusations were not sufficiently definite and certain to apprise the accused *where* the offenses with which they were charged were committed. There is no presumption in favor of a pleading charging a crime. Such a pleading must be definite and certain. *State v. Moser*, 41 Wn. (2d) 29, 31, 246 P. (2d) 1101 (1952), and case cited. In directing the state to specify "where said defendants were hunting deer and where said defendants possessed said deer," the court did not abuse its discretion, but was directed by its reasoning conscience to a result which was right and equitable under the circumstances and the law.

■ We have held that, when a judgment and sentence is legal in one part and illegal in another, the illegal part, if separable, may be disregarded as surplusage and the legal part enforced. *In re Clark*, 24 Wn. (2d) 105, 113, 163 P. (2d) 577 (1945), and case cited.

■ The following portion of the court's order required the furnishing of information which was separable and surplusage:

" . . . who the owners of said premises were, whether or not said premises were within the area ceded by the Yakima Indians in Article 1 of the Treaty of 1855 between the United States and the Yakima Indian Nation (12 Stat. 951), whether or not said premises were within the area reserved by the Yakima Indians in Article 2 of the Treaty of 1855 between the United States and the Yakima Indian Nation (12 Stat. 951) and whether said premises were fenced, under cultivation or what the status of the premises was, . . ."

The fact that the court directed the furnishing of improper information did not excuse the state from furnishing information which it had properly ordered.

■ We are not concerned primarily with the order granting the motion to make more definite and certain. That order was completely ignored by the state. It was not a void order. The court had jurisdiction of the subject matter, jurisdiction of the persons, and had authority to

grant or deny the motion. We are here concerned solely with the proposition of whether the justice court can, upon proper motion, dismiss a cause of action when the state refuses to comply with a legal order of the court. The motion to dismiss was timely. The state refused to plead further. Under such facts, the court has inherent power to dismiss.

On appeal, the prosecuting attorney expressed a willingness to inform the defendants approximately where the alleged offenses were committed. Until such information has been furnished, it is impossible for this court to determine whether the trial judge, in the exercise of his discretion, would deem the complaints sufficient to satisfy the constitutional guarantee referred to above.

We conclude that the justice court did not err in dismissing the causes of action. However, because the justice of the peace found that the complaints were insufficient, it was error to have dismissed them with prejudice.

The judgment of the superior court is reversed, and the cause is remanded with instructions to enter judgment in accordance with the views expressed herein.

DONWORTH, C. J., MALLERY, SCHWELLENBACH, HILL, FINLEY, WEAVER, and ROSELLINI, JJ., concur.