Ruffin, Chief Justice.
 

 The innocence of the plaintiff, and a bad motive in the defendant, though necessary, are not the sole or sufficient grounds of this kind of action. It is the interest of the public that there should be a fair investigation in every case of reasonable suspicion; and therefore the law, upon its policy, denies to one really innocent an action against him who promoted the investigation of a case of proper suspicion. Hence, the declaration must allege, that the prosecution was preferred without any just and reasonable, or, as it is commonly said, probable cause; and of that there must be proof from the plaintiff.
 

 Waiving the inquiry, whether the question of probable cause be, from its nature, one of law or one of fact, and admitting that there may be cases in which it is a mixed question, and, as partly partaking of both, may be left to the jury under the^idvice of the Court, yet it is perfectly certain, that, as legal inferences, presumptions of the want of probable cause, on the one hand, and of its existence, on the other, are held to be established by the judicial acts in the various stages of the prosecution.
 

 Similar inferences from the proceedings likewise remain to some extent, after their determination. It is settled in
 
 *495
 
 this state, that a discharge by the examining magistrate imports that the accusation was groundless.
 
 Bostick
 
 v.
 
 Rutherford,
 
 4 Hawks, 83. If the magistrate commit, or if the grand jury find a bill, it has never been doubted that, in law, that is evidence of probable cause, and calls for an answer from the plaintiff as to the particular circumstances ; which imposes it on the plaintiff to go into the circumstances, in the first instance. It is true, that in these cases the evidence is deemed
 
 prima facie
 
 only; but nevertheless, it is evidence in that degree, as declared by law, and the principle is made a part of the law of evidence. After conviction, however, the evidence rises in degree, and is conclusive. This action will not lie under any circumstances, after conviction. Why
 
 l
 
 Because a competent tribunal has judicially fixed the plaintiff with guilt, and,
 
 a fortiori,
 
 established probable cause for the prosecution.
 

 This proposition is not denied, when the conviction remains in force; but in this case it seems to have been supposed that the judgment of the County Court lost its character of conclusive evidence by the appeal and final acquittal in the Superior Court. Upon authority and reason this Court has arrived at a different conclusion.
 

 Upon looking into adjudications, one is found nearly a century old, and not since questioned, which is directly in point. In
 
 Reynolds
 
 v.
 
 Kennedy,
 
 1 Wils. Rep. 232, the declaration was for a malicious seizure of brandy, and exhibiting an information before the sub-commissioners of excise, by whom they were condemned; but upon an appeal to higher commissioners, the judgment was reversed and the brandy restored. After verdict for the plaintiff, the judgment was arrested in the Court of King’s Bench in Ireland; and upon a W'rit of error in the King’s Bench in England, that judgment was affirmed. The Chief Justice, Lee, in delivering the unanimous opinion of the Court, said the judgment of the sub-commissioners justified the proceeding before them, and the plaintiff having laid that in his declaration, shows a foundation for the prosecution before the sub-commissioners; so that the declaration was
 
 felo de se.
 
 As that case was on writ of
 
 *496
 
 error, these are the necessary consequences: First, that the inference of probable cause from a conviction by a competent jurisdiction is a legal one, to be made by the Court; and, secondly, that it must be made, notwithstanding a subsequent reversal, and also a verdict to the contrary in the action for malicious prosecution. It cannot be disproved. The Court is not aware that there has been any case on the point in this state. In England,
 
 Reynolds
 
 v.
 
 Kennedy
 
 has not been questioned, and was relied on as law in
 
 Sutton
 
 v.
 
 Johnstone,
 
 1 Term Rep. 493, and in Massachusetts the law is settled in accordance with it.
 
 Whitney
 
 v.
 
 Peckham,
 
 15 Mass. Rep. 243. Our attention has been called to the case of
 
 Cotton
 
 v.
 
 James,
 
 20 Eng. Com. Law Reps. 358, as being in conflict with the others. But it is not so. That is an action for maliciously suing out a commission of bankruptcy, under which the plaintiff was declared a bankrupt, and which was superseded on the application of the defendant. It has no reference to the principle under consideration. The determination of commissioners of bankruptcy is not of the nature of a judgment. They have a mere authority, without judicial jurisdiction, and act
 
 ex parte;
 
 so that their declaration is not even
 
 prima facie
 
 evidence of bankruptcy for the assignees, who must show by other evidence, an act of bankruptcy to support the commission, and their assignment under it.
 
 Rex
 
 v.
 
 Inhabitants in Glamorganshire,
 
 1 Lord Ray. Rep. 580.
 
 Graenvelt
 
 v.
 
 Burwell,
 
 Ibid. 467.
 

 But without the aid of an adjudication, the doctrine carries conviction along with it, especially in reference to a judgment founded on the verdict of a jury. It is to be recollected that the subject of inquiry in such a case is, whether there was probable cause for the prosecution. What is probable cause? It is constituted by such facts and circumstances as, when communicated to the generality of men of ordinary and impartial minds, are sufficient to raise in them a belief, or real grave suspicion of the guilt of the person. Now, what more satisfactory criterion can there be, by which to determine what influence those facts and circumstances might or ought to have had on 4be mind of the prosecutor, than that which it is certainly
 
 *497
 
 seen they have had on the minds of twelve upright men, chosen for their indifferency for the parties ? We do not desire to be considered as laying it down that a verdict if set aside by the Court in which the trial was had, would establish probable cause. Probably that may stand on different reasons ; but if so, we have no concern with it at present.- A verdict and judgment of acquittal, certainly do not imply a want of probable cause; because such a verdict may be given, notwithstanding strong suspicion, because there is not full proof of guilt. But after a conviction by verdict, followed by sentence, it ceases to be a matter of conjecture, of argument, and of reasoning, whether guilt could rationally be inferred from the facts admitted or proved; for such a state of things cannot occur, but after full defence by the accused, with deliberation by the jury, aided by the Court, upon all the evidence as well explanatory as negative, offered by the accused; and, after all that, guilt was in fact inferred by a numerous body of men of competent understanding and integrity, and the Court was also satisfied with it. As evidence of probable cause a conviction by verdict and judgment is as convincing, and, therefore, ought in law to be as high and conclusive, although vacated by appeal, as if it stood unreversed and in full force. It sanctions the prosecution in its origin and progress through that Court, and is the highest evidence, namely a judicial sentence of record, that apparently the accused was guilty. It is true that the law7, in its benignity, allows the convict to show, on appeal to another Court, that he is really not guilty. But that does not show, nor can it be shown, against the facts of the first verdict and judgment, that there was no just and probable cause of accusation.
 

 The verdict in this case, therefore, ought not, we think, to stand; as it appears affirmatively in the case stated to be against law. It was erroneous, in our opinion, to submit the case to the jury on any circumstances
 
 dehors
 
 the record, without or with an opinion from the Court, that those circumstances did or did not constitute probable cause. The plaintiff stated his conviction in the County Court in. his declaration, or at least, it appeared in the
 
 *498
 
 record which he was obliged to read. Then the plaintiff’s own pleadings, or evidence, contained proof of probable cause, and was destructive of his case. To use the words of Chief Justice Lee, the plaintiff’s case was
 
 felo de se;
 
 and there was nothing to submit to the jury. The judgment must be reversed, and a
 
 venire de novo
 
 ordered.
 

 Per Curiam. Judgment reversed.