## W. E. Schofield v. M. L. Thackaberry.

### Gen. No. 11,078.

1. ILLEGAL USE OF PROCESS—*when declaration does not show cause of action for.* A declaration which alleges that the attorney for the plaintiff in a certain groundless action at law, fraudulently obtained a judgment against the defendant in such action and subsequently caused the arrest of the defendant in such action, does not state a cause of action where it fails to allege the facts which constituted such fraud.

Action on the case for illegal use of process. Error to the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1903. Affirmed. Opinion filed July 12, 1904.

WILLIAM EUGENE BROWN, for plaintiff in error.

M. L. THACKABERRY, *pro se.*

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

This was an action in which plaintiff in error sought to recover damages for an alleged malicious and fraudulent use of legal process. A general and special demurrer was filed to the declaration, which demurrer was sustained, and plaintiff in error electing to stand by his declaration, judgment was rendered against him which it is sought to reverse by this writ of error.

The only question presented is whether the declaration states a cause of action. In substance it sets up that plaintiff in error was sued for malicious prosecution by one Campbell, who was represented in said suit by defendant

in error as her attorney; that plaintiff in error filed his plea in said action which was in due course of procedure dismissed for want of prosecution; that subsequently the attorney of plaintiff in error was served by defendant in error with notice of motion to reinstate, and in response to said notice waited in court for defendant in error to appear until after the motion hour had expired; that said defendant did not appear, but subsequently after plaintiff's attorney had left the court room defendant fraudulently and maliciously caused the court to reinstate the cause after the motion hour in order to prevent plaintiff in error from learning of the reinstatement; that afterward without notice to or knowledge of plaintiff, defendant in error obtained a judgment, which fact he fraudulently concealed from plaintiff in error until after the expiration of the term of court at which said judgment was rendered; that he then sued out an execution which was subsequently returned *nulla bona,* and thereafter caused the issue of a *capias ad satisfaciendum* under which plaintiff in error was arrested and committed to jail; from which he the next day obtained his release; that within about sixteen days thereafter, defendant in error again caused his arrest and imprisonment from which plaintiff in error was only released by an injunction order entered in a suit in chancery brought by plaintiff in error to set aside the judgment so fraudulently and maliciously obtained against him; that in said last mentioned chancery proceeding a decree was entered finding that the judgment in favor of said Campbell had been obtained by fraud on the part of defendant in error and was without foundation; that by said fraudulent judgment and the proceedings taken by defendant in error thereunder, plaintiff in error was put to great inconvenience and expense, was compelled to pay out large sums of money, was greatly injured in his good name, fame and credit, was brought into public scandal, infamy and disgrace among his neighbors, suffered great anxiety and pain of body and mind, and was greatly hindered in his business, and damaged to the extent of $50,000.

The demurrer to this declaration was correctly sustained.

The gravamen of the charge is that defendant in error as an attorney acting for his client fraudulently and mali-ciously caused the Superior Court to reinstate after the motion hour a cause which had been previously dismissed for want of prosecution and was without merit. What the fraudulent means employed so to move the court were, does not appear. No facts are stated from which fraud can be inferred unless it be the single fact that the order of reinstatement was entered after the motion hour had expired and after the opposing attorney had left the court room without any further notice. The subsequent proceedings directly followed and were made possible perhaps by the order of reinstatement, of which it is charged plaintiff in error had no knowledge. It is the purpose and intent of rules and regulations affecting the procedure of courts that every party to a suit shall have an opportunity to be heard before judgment is entered. Doubtless a high standard of professional ethics will preclude an attorney from endeavoring to obtain an unfair advantage for his client by secret and underhanded methods. It is the duty of the bar no less than the courts to aid in maintaining that nice sense of professional honor, those high standards of professional conduct and courtesy, something of that faith which, as Burke said, "holds the moral elements of the world together," which have characterized great lawyers and commanded public confidence in the administration of justice. But attorneys are expected to attend to their business and that of their clients. It may be in this case that defendant in error obtained an unfair advantage and prosecuted it with unnecessary zeal. But that he exceeded his legal right, and that the process of the court has been used maliciously without an honest and reasonable belief in the right so to use it, does not appear from any facts averred in the declaration. The taking judgment in the absence of plaintiff in error and without his knowledge may have been in this case ethically improper, but it does not furnish a basis for this action.

The judgment must be affirmed.

*Affirmed.*