## CHARLES L. KING v. HENRY F. ESTABROOKS.

October Term, 1904.

Present: ROWELL, C. J., TYLER, MUNSON, START, HASELTON, and
POWERS, JJ.

Opinion filed March 9, 1905.

### Malicious Suit—Declaration—Sufficiency.

In an action for malicious suit, when the declaration alleges that the
suit was instituted without probable cause and that a judgment
therein was procured by fraud, but the fraudulency of the judg-
ment is not declared upon as a cause of action, the declaration is
not bad for duplicity.

In an action for malicious suit, what is probable cause is a question
of law; and a declaration which charges merely the institution of
the suit without "reasonable or probable cause of action" is bad
on demurrer, for the facts should have been set out, that the
court may see whether there was want of probable cause.

In an action for malicious suit, the declaration alleged that the de-
fendant fraudulently and without reasonable or probable cause,
brought trover against the plaintiff; that the plaintiff, as defend-
ant therein, appeared on the return day ready for trial, but that
the defendant, as plaintiff therein, told him he need pay no more
attention to the case, and that the defendant would go to the
plaintiff's place and get the property sued for, which the plaintiff
told him he had, and was and always had been ready to deliver
to him; that the plaintiff thereupon went home, relying on what
the defendant had said, and paid no more attention to the case;
that after the plaintiff went home defendant caused the case
to be continued without the knowledge or consent of the plain-
tiff, until finally defendant caused a judgment by default to be
entered therein, and the damages to be assessed at a large sum,
and a certified execution to be issued, of all of which the plaintiff
was ignorant until he was arrested on the execution and com-
mitted to jail. Held, that these allegations sufficiently impeach
the judgment for bad faith and dishonesty in procuring it to over-
come its effect as proof of probable cause.

CASE for malicious suit. Heard on demurrer to the new count of the declaration at the June Term, 1904, Caledonia County, *Watson,* J., presiding. Demurrer sustained. The plaintiff excepted. The opinion states the substance of the count.

*May & Hill,* and *R. W. Simonds* for the plaintiff.

*Porter & Thompson* for the defendant.

Want of probable cause is a question of law. The pleader should allege fact from which the court may judge whether there was want of probable cause. *French* v. *Smith,* 4 Vt. 363; *Barron* v. *Mason,* 31 Vt. 189; *Driggs* v. *Burton,* 44 Vt. 124; *Stewart* v. *Sonneborn,* 98 U. S. 187, 25 L. Ed. 116; *Stone* v. *Crocker,* 24 Pick. 81; *Anderson* v. *How,* 116 N. Y. 336, 22 N. E. 695; *Roberts* v. *Kendall,* 12 Ind. App. 269, 38 N. E. 424; *Bell* v. *Atlantic City R. Co.,* 58 N. J. L. 227, 33 Atl. 211; *Stearns* v. *Stearns,* 30 Vt. 213; *Alabama* v. *Burr,* 115 U. S. 413, 426; 12 Enc. of Pl. & Pr. 1020; *Mure* v. *Kaye,* 4 Taunt. 34; *Closson* v. *Staples,* 42 Vt. 209; *Giusti* v. *Del Papa,* 19 R. I. 338, 33 Atl. 525; *Spencer* v. *Anness,* 32 N. J. L. 100; *Brown* v. *Cape Girardeau,* 90 Mo. 377, 59 Am. Rep. 28; *Wright* v. *Bourdon,* 50 Vt. 494; *Brainard* v. *Van Dyke,* 71 Vt. 359.

ROWELL, C. J. This is case for a malicious suit. The new count, which is the only one in question, alleges that the defendant, not having any reasonable or probable cause of action, brought trover against the plaintiff, returnable before a justice, and caused him to be arrested and imprisoned on the writ; that the plaintiff appeared on the return day, ready for trial, but that the defendant told him he need pay no more attention to the case, and that the defendant would go to the

plaintiff's place and get the property sued for, which the plaintiff told him he had, and was ready and willing, and always had been, to deliver to him; that the plaintiff thereupon went home, relying on what the defendant had said, and paid no further attention to the case; that after the plaintiff went home, the defendant caused the case to be continued without the knowledge or consent of the plaintiff, and in like manner caused it to be further continued from time to time until at last the defendant caused a judgment by default to be entered therein and the damages to be assessed at a large sum, and a certified execution to be issued, of all which the plaintiff was ignorant until he was arrested on the execution and committed to jail. The count alleges that the defendant did all this fraudulently, without probable cause, for the purpose of further imprisoning, harassing, and oppressing the plaintiff; that the plaintiff brought his petition for an appeal on the ground of fraud, accident, and mistake, and prevailed, and entered his appeal in the county court, whereupon the defendant, at the next term, discontinued his case and paid the plaintiff's costs, whereby the case was finally ended.

It is objected that said count is double because it alleges a malicious suit and a fraudulent judgment, and therefore sets up two causes of action. But, as the plaintiff contends, the fraudulency of that judgment is not declared upon as a cause of action, for it was necessary to set up the judgment, and to show that it was vacated and the suit finally ended in favor of the plaintiff. And being set up,—not considering whether a voluntary discontinuance is sufficient evidence of want of probable cause and malice to justify a finding of both, which some of the cases hold and others deny; and not considering what the plaintiff now claims, that as the hearing before the justice was *ex parte,* the judgment has no binding force, on which he was not bound to rely in pleading,—it was

necessary to impeach it by showing the undue means by which it was procured, for otherwise the count would destroy itself, as the judgment would be proof of probable cause. 1 Am. Lead. Cas., 5th ed., 276, 277; *Burt* v. *Place,* 4 Wend. 591; *Spring* v. *Besore,* 12 B. Mon. 551; *Crescent Live Stock Co.* v. *Butchers' Union,* 120 U. S. 141; *Giusti* v. *Del Papa,* 19 R. I. 338; *Closson* v. *Staples, 42* Vt. 209.

This brings the case within the rule that no matters, however multifarious, make a pleading double if, when taken together, they constitute but one proposition or entire point.

But the count is bad in substance, for what is want of probable cause is a question of law, and therefore it is not enough to allege, as here, merely want of "reasonable or probable cause of action," for that is only matter of law; but the facts should have been set out, that the court may see whether there is want of probable cause, and there is no allegation that amounts to setting out such facts. *Driggs* v. *Burton,* 44 Vt. 124, 146. In *Closson* v. *Staples, 42* Vt. at page 225, it is said to be clear that an averment of want of probable cause is not sufficient without alleging facts showing such want. It is like pleading fraud, where it is not sufficient merely to allege that a thing is fraudulent, however strongly you may characterize it as such, for that is but the pleader's opinion, which the law will not regard, but requires that what is relied upon to constitute the fraud shall be set out, that the court may judge of the matter.

But it is claimed that the judgment conclusively proves probable cause, because it is said that although it is alleged that it was procured by fraud, the facts relied upon to show fraud are not set out. But the allegations sufficiently impeach the judgment for bad faith and dishonesty in procuring it, to overcome its effect as proof of probable cause. *Burt* v. *Place,* above cited, is much in point on this question.

There the declaration alleged that the suits commenced before the magistrate were decided against the plaintiff; but it was held that that admission was sufficiently countervailed by the further allegation that the defendant, well knowing that he had no cause of action, prevented the plaintiff from procuring the necessary evidence to make out his defence by causing him to be detained as a prisoner until the judgments were rendered, and that the imprisonment was for the purpose of preventing a defence.

*Affirmed and remanded.*