J. W. SMITH v. C. D. THOMAS et al.

(Filed 11 November, 1908).

**Malicious Prosecution—Former Conviction—Confession—Probable Cause.**

"When a defendant pleads guilty of an offense, tried in a court of a Justice of the Peace, having final jurisdiction, his own confession is conclusive evidence of probable cause, and the maker of the affidavit, upon which the warrant issued, is not liable to him in an action for damages for malicious prosecution, though the defendant was acquitted on appeal in the Superior Court.

ACTION tried before *Jones, J.,* and a jury, May Term, 1908, of ANSON.

This is an action for malicious prosecution. The plaintiff was charged before a Justice of the Peace with the commission of a criminal offense upon the accusation and affidavit of the defendant, C. D. Thomas. At the trial, as the record shows, he pleaded guilty, and afterwards appealed to the Superior Court from the judgment of the Justice, which was reversed by that Court. At the close of the plaintiff's testimony, the Court, on motion of the defendant, entered a judgment of nonsuit against the plaintiff, whereupon he excepted and appealed.

*J. W. Gulledge* for plaintiff.

*Robinson & Caudle, J. A. Lockhart* and *H. H. McLendon* for defendant.

WALKER, J., after stating the case: The reason for the decision of the Court below was, that the plaintiff had been

SMITH *v.* THOMAS.

convicted, upon his own confession of guilt, by the Justice, and that the conviction was conclusive evidence of probable cause for the prosecution, although it was reversed in the Superior Court.   In this ruling we concur with the Judge who presided at the trial in the Superior Court.

However the question may have been decided in the courts of the other States, and their decisions do not appear to have been entirely harmonious, this Court has held, in at least two previous adjudications, that a conviction of the defendant in the criminal prosecution by a Court of competent jurisdiction is conclusive in an action by him for malicious prosecution upon the question of probable cause.   It was so held in *Griffis v. Sellars,* 19 N. C., 492.   In that case, it is said, in support of the principle, that "as evidence of probable cause, a conviction by verdict and judgment is as convincing, and, therefore, ought in law to be as high and conclusive, although vacated by appeal, as if it stood unreversed and in full force. It sanctions the prosecution in its origin and progress through that court, and is the highest evidence, namely, a judicial sentence of record, that apparently, the accused was guilty. It is true that the law, in its benignity, allows the convict to show on appeal to another Court, that he is really not guilty. But that does not show, nor can it be shown, against the facts of the first verdict and judgment, that there was no just and probable cause of accusation."   It is true that Chief Justice Ruffin refers, in the opinion, to a conviction by verdict and judgment, but a trial by jury is not essential to the conclusive effect of the conviction, for the latter word means, in law, the ascertainment of the defendant's guilt by some known legal mode, whether by confession in open court or by the verdict of a jury or, under our Constitution and statute, by the judgment of a Justice of the Peace, where a jury trial is waived, provided the Justice has final jurisdiction of the offense. *Commissioners v. Lockwood,* 109 Mass., 323; *People v. Adams,* 95 Mich., 543; *U. S. v. Watkins,* 6 Fed. Rep., 158;

*Egan v. Jones,* 32 Pac. Rep., 930. This Court, in *Price v. Stanley,* 128 N. C., 38, has approved the decision in *Griffis v. Sellars,* and expressly holds that the principle, as settled by that case, is applicable to a conviction by a Justice having jurisdiction of the offense, even without a jury trial. The Court says, in regard to a reversal of the conviction : "If by any means a trial had been afterwards had in the Superior Court, and the same had resulted in an acquittal of the plaintiff Price, nevertheless, the conviction in the Justice's court —a Court of competent jurisdiction—established probable cause for the prosecution." The case of *Griffis v. Sellars* was before this Court a second time, it being reported in 20 N. C., at p. 176, and the former decision was approved. "This case differs," says the Court, "from that which was before the Court a year ago between the plaintiff's brother and the same defendant (*ante,* Vol. 2, p. 492), only in showing more explicitly the innocence of the plaintiff, and the malignant motive of the defendant. But the same principle governs both, notwithstanding that difference in the detail of the circumstances. The principle is, that probable cause is judicially ascertained by the verdict of the jury and judgment of the Court thereon, although, upon an appeal, a contrary verdict and judgment be given in a higher court. Our opinion being, that probable cause is judicially established by those means, it follows that no evidence is competent to disprove it." The Court also assigns cogent reasons why the plaintiff in the suit for malicious prosecution should not be permitted to go behind the judgment of conviction for the purpose of showing how it was obtained, or that it was unjust or contrary to law, as the prosecutor should be given the same privilege, in order to offer fuller proof of the defendant's guilt; and the result would be the interminable prosecution of the same litigation between the parties, alternately changing sides. The final conclusion of the Court is stated as follows : "So in the present state of the case another ingredient

SMITH *v.* THOMAS.

of the action, namely, the want of probable cause, which is as essential to the plaintiff's action as is his innocence, is completely negatived, because the proof that satisfied the jury and Court then trying the plaintiff that he was guilty, must, upon the ground already adverted to, be deemed by another Court to establish that there was then probable cause. The judgment in the County Court justifies the institution of the prosecution in that Court." Newell, in his work on Malicious Prosecution, 'at pp. 253, 254, comments with approval on *Griffis v. Sellars,* 19 N. C., 492, and cites cases decided in other States which sustain the same doctrine as therein settled. In Cooley on Torts (2 Ed.), p. 185, we find it stated, that, "if the defendant is convicted in the first instance, and appeals, and is acquitted in the appellate court, the conviction below is conclusive of probable cause." In the comparatively recent case of *Crescent City L. S. Co. v. Butcher's Union, etc, Co.,* 120 U. S., 141, the subject is learnedly discussed with a full citation and consideration of the authorities, and among others, which sustain our conclusion; in this appeal, is cited *Griffis v. Sellars, supra,* as a leading case upon the question. The Court adopts, as correct, the principle declared in that case.

Our decision as to the effect of the conviction of the plaintiff by the Justice in the criminal proceeding against him, makes it unnecessary to consider the other question discussed by counsel, as to whether there was any evidence that the defendant, T. V. Hardison, participated in the prosecution.

No error.