### Henderson v. McGruder.

[No. 7,173.    Filed March 27, 1912.]

1. MALICIOUS PROSECUTION.—Conviction before Justice Pro Tem.—
Pleading.—Complaint.—The complaint in an action for a malicious prosecution alleged to have been instituted before a justice
of the peace pro tem. should allege facts showing that the appointment of such justice pro tem. was made by a legally qualified
justice of the peace under the circumstances and in the manner
provided by the statute governing such appointment.    p. 685.

2. APPEAL.—Pleading.—Defective Complaint.—Failure to Demur.
—Where the sufficiency of a complaint is attacked for the first
time on appeal a more liberal rule will be applied than in testing
by demurrer in the trial court, and a complaint for a malicious
prosecution alleged to have been instituted before a justice of the
peace pro tem. though failing to show that the appointment of
such justice pro tem. was made by a legally qualified justice of
the peace under the circumstances and in the manner provided by
the statute governing such appointment, is sufficient after verdict.
pp. 686, 687.

3. EVIDENCE.—Judicial Notice.—Statute.—Geography and Population.—The Appellate Court takes judicial notice of §1718 Burns
1908, Acts 1905 p. 10, providing for appointment of justices of
the peace pro tem. in any township having a population of 50,000
or more, and also of the fact that Center Township, Marion
County, Indiana, contains a city of more than 50,000 population
according to the United States Census of 1900.    p. 687.

4. MALICIOUS PROSECUTION.—Conviction.—Want of Probable Cause.
—Pleading.—Where the complaint in an action for malicious prosecution shows the conviction of plaintiff before a justice of the

peace, a probability of guilt is shown which will rebut and overcome the general averments of malice and want of probable cause, but averments showing that such conviction was procured by the fraud and false testimony of defendant will negative the existence of malice and probable cause, and the complaint will be held sufficient.   p. 687.

5.   TRIAL.—*Verdict.*—*Answers to Interrogatories.*—*Effect.*—A general verdict in favor of the plaintiff is a finding in his favor on every fact material to a recovery, and answers to interrogatories will not overthrow the general verdict unless such answers are in irreconcilable conflict therewith.   p. 688.

6.   MALICIOUS PROSECUTION.—*Want of Probable Cause.*—*Pleading.*— *Proof.*—In an action for malicious prosecution the plaintiff must allege and prove that at the time the defendant instituted the prosecution complained of he had no probable cause to believe the plaintiff guilty of the crime or misdemeanor charged.   p. 688.

7.   MALICIOUS PROSECUTION.—*Trial.*—*Question of Law.*—Where, in an action for malicious prosecution, the facts are undisputed the court must decide as a matter of law from such facts whether the defendant had or had not probable cause.   p. 688.

8.   EJECTMENT. — *Enforcement of Judgment.*—*Writ.*—Where the judgment in an ejectment proceeding was that the plaintiff is the owner of the undivided one-fifteenth as tenant in common of the real estate described "and as such is entitled to the immediate possession of said real estate, to wit: Lot 49 in Crane's North Addition to the City of Indianapolis, Indiana," a writ issued thereon reciting that the plaintiff "is the owner in fee simple of the undivided one-fifteenth part *in value* as tenant in common *with others than the defendant or either of them* of the following described real estate, to wit: Lot 49 in Crane's North Addition to the City of Indianapolis, Indiana, and that as such owner he is entitled to the immediate possession of the *whole* of said Lot 49," is not void.   p. 690.

9.   MALICIOUS PROSECUTION.—*Want of Probable Cause.*—*Advice of Counsel.*—*Knowledge of Facts.*—In an action for malicious prosecution, where it appears that the attorney for the defendant was in possession of all the material facts and on such facts advised the prosecution of the plaintiff, such advice of counsel is conclusive in favor of the defendant on the question of probable cause, and it is not material whether counsel's knowledge of the facts was obtained from defendant or from some other source. p. 691.

10.   MALICIOUS PROSECUTION.—*Probable Cause.*—*Undisputed Facts.* —In an action for malicious prosecution where the undisputed facts are that the plaintiff in ejectment was adjudged the owner of an undivided one-fifteenth as tenant in common of certain

described real estate and entitled to the immediate possession thereof, on which judgment an irregular, though valid, writ was issued and he was placed in possession of said real estate, and thereafter the defendant in such proceedings after investigating as to the writ, forcibly retook possession of said real estate, for which, on the advice of plaintiff's counsel, he was prosecuted by the plaintiff, such plaintiff at the time he instituted the prosecution had probable cause to believe defendant guilty of the misdemeanor charged. p. 692.

From Superior Court of Marion County (74,447) ; *C. E. Weir*, Judge.

Action by Thomas McGruder against William Henderson. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Charles B. Clarke, Walter C. Clarke, Clement M. Holderman,* for appellant.

*John W. Holtzman, Lewis A. Coleman,* for appellee.

LAIRY, J.—This was an action brought by appellee to recover damages from appellant for alleged malicious prosecution. The material averments of the complaint are, that, on June 26, 1906, appellant filed an affidavit before Charles C. Pettijohn, a justice of the peace, *pro tem.*, in and for Center township, Marion county, Indiana, charging that appellee, Thomas McGruder, on June 25, 1905, in said county and State, did violently, with force and arms, and without authority of law, take possession of certain real estate described; that a warrant was issued by said justice of the peace upon said affidavit, and appellee was arrested on said warrant, and gave bond for his appearance; that he was afterward tried by said justice of the peace, and convicted; that such conviction was procured by introducing in evidence a false and fraudulent execution, known to appellant to be false and fraudulent, and by the false testimony of said appellant, to the effect that he was the owner of the real estate described in the affidavit; that appellee appealed the case to the Criminal Court of Marion county, where he was afterwards tried and acquitted; that said pros-

ecution was instituted by appellant maliciously, and without probable cause; that appellant was damaged as a result of such prosecution.

The errors relied on for reversal are as follows: (1) The complaint does not state facts sufficient to constitute a cause of action; (2) the trial court erred in overruling appellant's motion for a judgment on the answers to the interrogatories notwithstanding the general verdict; (3) the court erred in overruling appellant's motion for a new trial.

The sufficiency of the complaint is questioned for the first time in this court by assignment of error. The first question raised, in reference to the complaint, is that it 1. shows on its face that the prosecution on which it is based, and which is alleged to have been malicious, was instituted before a justice of the peace *pro tem*. In behalf of appellant, it is contended that the averments show that the justice of the peace, before whom the affidavit was filed, was without jurisdiction to hear and determine the case and that his entire proceeding was *coram non judice* and void, that it was not a proceeding before a judicial tribunal such as to form the basis for an action for malicious prosecution, and that if appellee had any cause of action as the result of his arrest, his remedy was by an action for trespass.

In presenting this question, both parties have proceeded on the assumption that the justice of the peace *pro tem.*, mentioned in the complaint as the judicial officer before whom the affidavit was filed, was appointed by a justice of the peace to serve temporarily under the provisions of §1718 Burns 1908, Acts 1905 p. 110, which reads as follows: "That in any and all townships in which is located a city having a population, as shown by the last preceding United States census, of fifty thousand or more, that if from any cause any justice of the peace in such township shall be unable to attend and preside over his court during any day or

number of days, not to exceed sixty days in any one year, such justice of the peace may appoint, in writing, any reputable attorney of such township to preside during the time such justice of the peace is unable to attend and preside. Such written appointment shall be entered on the order-book or record of such court, and such appointee shall, after taking the oath prescribed for justices of the peace, and by executing and filing the bond now required of such justice of the peace in and for such township, conduct the business of such court, subject to the same rules and regulations as duly elected justices of the peace, and shall have the same authority during the continuance of his appointment.'' The averments of the complaint do not show that Charles C. Pettijohn was appointed by any legally qualified justice of the peace of Center township, Marion county, or that any of the provisions of the statute were complied with in making such appointment. It does not show that the justice making the appointment was unable for any reason to attend and preside over his court for any day or any number of days, or that the appointment was made in writing and entered on the order-book or record of the court, or that the person appointed was a reputable attorney of such township, or that he took the oath or executed the bond provided by such statute. If this complaint had been tested by demurrer, it would probably be held insufficient to show

2. that the person before whom the affidavit was filed had jurisdiction as a justice of the peace to hear and determine the case, but where it is tested for the first time on appeal, a more liberal rule is applied. *Burkhart* v. *Gladish* (1890), 123 Ind. 337; *Citizens St. R. Co.* v. *Willoeby* (1893), 134 Ind. 563; *Bertha* v. *Sparks* (1898), 19 Ind. App. 431. The complaint does aver that the affidavit was filed before Charles C. Pettijohn, a justice of the peace *pro tem.*, in and for Center township, Marion county, Indiana, and that thereupon said Charles C. Pettijohn, justice of the

peace *pro tem.*, then and there having jurisdiction of said cause, issued a warrant for the arrest of defendant. It is thus defectively averred that Pettijohn was a justice of the peace *pro tem.*, and that he had jurisdiction of the proceeding. We take judicial notice of the statute heretofore set out, and of the fact that Center township, Marion county, Indiana, contains a city of more than fifty thousand population, according to the United States census of 1900. We hold that the facts thus defectively averred are sufficient after verdict to show that the justice of the peace *pro tem.*, mentioned in the complaint, had jurisdiction of the proceedings upon which this action is based.

The complaint shows on its face that appellee was convicted before the justice of the peace, and was acquitted on appeal. If the complaint contained no further allegations on this subject, it would be defective, for the reason that the fact of such a conviction before a justice of the peace would show a probability of guilt, and would rebut and overcome the general averments of malice and the want of probable cause; but where the complaint, as in this case, contains averments of fact, showing that the conviction before the justice of the peace was procured by the fraud and false testimony of defendant, such conviction is not conclusive of the want of probable cause, and the complaint will be held sufficient. *Welch* v. *Boston, etc., R. Corp.* (1884), 14 R. I. 609; *Phillips* v. *Village of Kalamazoo* (1884), 53 Mich. 33, 18 N. W. 547; *Boogher* v. *Hough* (1889), 99 Mo. 183, 12 S. W. 524. In the case last cited, it was alleged that plaintiff was convicted of a criminal libel, because of the fraudulent act on the part of defendants in depriving him of the testimony of his principle witness, but that upon appeal the judgment was reversed. It was held that the fraudulent act complained of rebutted the presumption of probable cause, which would otherwise arise

from such conviction. The court said: "These allegations, that the former conviction was thus obtained by fraud and unfair means alleged, we think sufficiently obviate, and countervail the force and effect of plaintiff's admission in his amended petition, that he was convicted of said charge as aforesaid. The pleading is to be taken in its entirety. The fraudulent and oppressive acts charged to have been committed by defendants, to procure the judgment, overcame the force and effect which the judgment would otherwise have."

Did the trial court err in overruling appellant's motion for judgment in his favor on the answers to interrogatories, notwithstanding the general verdict? A general verdict in favor of the plaintiff is a finding in his favor on every fact material to a recovery, and answers to interrogatories will not overthrow the general verdict, unless such answers are in irreconcilable conflict therewith. We have considered the answers to the interrogatories, and are convinced that they are not in conflict with the general verdict.

Appellant has also assigned as error the overruling of his motion for a new trial. Several questions are discussed under this head, but the first we shall notice is the sufficiency of the evidence to sustain the verdict. In an action of this kind, the plaintiff must allege and prove that at the time the defendant instituted the prosecution complained of he had no probable cause to believe plaintiff guilty of the crime or misdemeanor charged against him. Where the facts are undisputed, the court must decide, as a matter of law from such facts, whether the defendant had or had not probable cause. Lytton v. Baird (1884), 95 Ind. 349; Pennsylvania Co. v. Weddle (1885), 100 Ind. 138; Taylor v. Baltimore, etc., R. Co. (1898), 18 Ind. App. 692.

Appellant in this case filed an affidavit, and caused the

arrest of appellee on the charge of having violently, forcibly and unlawfully taken possession of lot No. 49, in Crane's north addition to the city of Indianapolis. It appears from the evidence, that, for some time prior to the acts alleged in the affidavit, the right to possession of this lot had been in dispute between appellant and appellee, and that an action in ejectment, in which appellant was plaintiff and appellee defendant, had recently been tried in the Shelby Circuit Court, which had resulted in a judgment in favor of appellant. An examination of the evidence shows that at the time this judgment was rendered McGruder was in possession of the real estate, claiming under a deed from Henrietta Hatton, and that Henderson claimed to be the owner of the one-fifteenth of said lot in fee simple by purchase from Caroline Green.

The judgment first entered in the Shelby Circuit Court was as follows: "It is therefore ordered and adjudged that the plaintiff is entitled to the immediate possession of the whole of the real estate, to wit: Lot No. 49 in Crane's north addition to the city of Indianapolis."

On motion of defendant McGruder, the judgment was afterward modified to read as follows: "That the plaintiff is the owner of the undivided one-fifteenth as tenant in common of the real estate described and set out in said judgment and verdict of the jury heretofore rendered, and as such is entitled to the immediate possession of said real estate, to wit: Lot No. 49 in Crane's north addition to the city of Indianapolis, Indiana."

On this judgment two writs were successively issued to the sheriff of Marion county. The first set out the original judgment, and also the judgment as modified, and commanded the sheriff to deliver to plaintiff the possession of the real estate described in the judgment. This writ was returned to the clerk of the Shelby Circuit Court, with an indorsement by the sheriff to the effect that the writ was so indefinite that

he was unable to know in what manner to execute it. Thereupon a second writ was issued by the clerk of the Shelby Circuit Court. This writ was prepared by the attorneys for Henderson. It did not set out the judgment, but purported to recite the substance of the modified judgment, and commanded the sheriff to deliver to plaintiff the possession of the whole of lot No. 49, in Crane's north addition to the city of Indianapolis. This writ was sent to the sheriff of Marion county, who executed it by ejecting McGruder, and delivering the possession of the lot to Henderson, who put a man in possession as his tenant. McGruder then made a trip to Shelbyville, in company with his attorney, and made some investigation as to the second writ, and the manner in which it was prepared and issued. He then returned to Indianapolis, and forcibly retook possession of the lot in dispute. Appellant thereupon consulted his attorneys, Clarke & Clarke, and upon their advice went to the office of the prosecuting attorney, and signed and swore to the affidavit on which appellee was arrested. This action is based on the prosecution thus instituted, and the question is whether, under the facts proved, appellant had probable cause to believe appellee guilty of the misdemeanor charged against him.

It is the theory of appellee that the second writ was void, for the reason that it did not set out the judgment on which it was based, and for the further reason that in re-

8. citing the substance of such judgment words were inserted which changed its meaning. It is therefore claimed that the writ was void, and that the possession obtained by appellant, by virtue of these writs, was a trespass, and that he was a mere intruder, having no such peaceable possession as the statute is intended to protect.

The second writ, in reciting the substance of the modified judgment, states that the court adjudged that "plaintiff, William E. Henderson, is the owner in fee simple of the

undivided one-fifteenth part *in value,* as tenant in common, *with others than the defendant or either of them,* of the following described real estate, to wit: Lot No. 49 in Crane's north addition to the city of Indianapolis, Indiana, and that as such owner he is entitled to the immediate possession of the *whole* of said lot No. 49." By the use of the italicized words in said quotation, it is claimed that the effect of the judgment rendered by the court was so modified and changed as to render the writ void. We do not think that these words changed the force or effect of the judgment. Under the modified judgment entered by the court, plaintiff was entitled, as against the defendant, to the immediate possession of the whole of lot No. 49. There was no evidence to show that the attorney who prepared the writ, or that the clerk who issued it, did not act in perfect good faith. It was issued by a court of competent jurisdiction, on a judgment properly rendered therein. The second writ may have been somewhat irregular, but it was certainly not void.

The undisputed evidence shows that appellant had no knowledge that any one claimed that the writ, under which he had been placed in possession, was defective until he went to demand possession from McGruder, at which time McGruder testifies that he told appellant that the writ was bogus. Prior to this time appellant had consulted with his attorneys, Clarke & Clarke, and had been advised by them to have appellee arrested. After learning that appellee claimed that the writ was bogus, appellant did not again consult with his attorneys and advise them of this fact before causing the arrest of McGruder. It is claimed on behalf of appellee, that the failure of appellant to inform his attorneys of this fact, before instituting the prosecution, was such a suppression of a material fact as will prevent him from claiming the protection of the advice of counsel. It appears, however, from the testimony of attorney Clarke, which is undisputed, that he had carefully examined the sec-

ond writ prior to the time he was consulted by appellant. It thus appears that one of the attorneys knew the contents of this writ at the time he advised the arrest of appellee, and, in view of the facts in the case, it is not material whether this knowledge was obtained from appellant or from some other source. At the time the advice in question was given, said attorney was in possession of all of the material facts known to appellant, and upon those facts advised him that appellee was guilty of the offence charged. Such advice of counsel is conclusive in favor of appellant on the question of probable cause. *Paddock* v. *Watts* (1888), 116 Ind. 146, 9 Am. St. 832; *Terre Haute, etc., R. Co.* v. *Mason* (1897), 148 Ind. 578; *Workman* v. *Shelly* (1881), 79 Ind. 442; *Adams* v. *Bicknell* (1890), 126 Ind. 210, 22 Am. St. 576; *Bitting* v. *TenEyck* (1882), 82 Ind. 421, 42 Am. Rep. 505.

In this case, the facts bearing on the question of probable cause are undisputed. We are of the opinion that under the law as applied to those facts, the appellant, at the time he filed the affidavit and caused the arrest of appellee, as charged in the complaint, had probable cause to believe appellee guilty of the misdemeanor charged against him.

Appellant's motion for a new trial should have been sustained.

Judgment reversed.