KENNEDY v. BURBIDGE.

No. 3361. Decided June 18, 1919. (183 Pac. 325.) On Application for Rehearing Aug. 17, 1919.

1. MALICIOUS PROSECUTION—ELEMENTS. In an action for malicious prosecution, it is necessary to allege and prove that the proceedings complained of as ground for the action was without probable cause, was malicious, and was finally terminated in favor of complainant. (Page 501.)

2. MALICIOUS PROSECUTION—EFFECT OF CONVICTION—PROBABLE CAUSE.

Kennedy v. Burbidge, 54 Utah 497.

A judgment of conviction followed by a reversal, when offered as evidence in a case for malicious prosecution, is at least prima facie evidence of probable cause. (Page 502.)

3. MALICIOUS PROSECUTION — PLEADING — PROBABLE CAUSE. Complaint, in action for malicious prosecution, showing that plaintiff was convicted in proceeding complained of, and that prosecution was dismissed on appeal, fails to state a cause of action, unless it goes farther and alleges some fact or facts the legal effect of which is to impeach the validity of the judgment and render it worthless as evidence of probable cause. (Page 502.)

4. MALICIOUS PROSECUTION—EFFECT OF CONVICTION AND REVERSAL. A judgment of conviction, followed by a reversal, is not evidence of probable cause, where procured by fraud, perjury, or other undue or unfair means employed by the defendant. (Page 502.)

5. MALICIOUS PROSECUTION—PROBABLE CAUSE—CONVICTION—PERJURY. A judgment of conviction is not evidence of probable cause in an action for malicious prosecution, where based upon testimony which was untrue, regardless of whether or not such testimony was given unlawfully and corruptly. (Page 504.)

6. MALICIOUS PROSECUTION—PLEADING—SUFFICIENCY. A complaint in an action for malicious prosecution *held* sufficient to show that judgment of conviction, which was reversed, was founded upon testimony which was false and untrue. (Page 505.)

On Application for Rehearing.

7. MALICIOUS PROSECUTION—PROBABLE CAUSE. The mere fact that information upon which a prosecutor acted in having a person arrested was false does not show that he acted without probable cause, but where it is shown that prosecutor either knew that information was false, or had no personal knowledge of the truth, or made no investigation as to its accuracy before instituting a prosecution, there was want of probable cause. (Page 506.)

8. PLEADING—DEMURRER—ADMISSIONS. On demurrer to a complaint, its allegations must be taken as true. (Page 506.)

Appeal from District Court, Third District, Salt Lake County; *P. C. Evans,* Judge.

Action by Pat Kennedy against J. E. Burbidge. Judgment for defendant, and plaintiff appeals.

REVERSED and REMANDED.

*Evans & Sullivan* of Salt Lake City, for appellant.

*Wm. H. Folland,* City Atty., and *H. H. Smith* and *W. W. Little,* Asst. City Attys., all of Salt Lake City, for respondent.

THURMAN, J.

The plaintiff was convicted upon the complaint of defendant in the city court of Salt Lake City of the offense of willfully and knowingly having in his possession intoxicating liquor. Plaintiff appealed from the judgment to the district court of Salt Lake county, in which said court, upon motion of the city attorney, the plaintiff was found not guilty and the action dismissed. Plaintiff brought this action against the defendant charging malicious prosecution in the above proceeding.

This appeal is from a judgment sustaining defendant's demurrer to plaintiff's complaint and dismissing the action.

The complaint, in substance, alleges that defendant maliciously, and without probable cause, procured a criminal complaint to be prepared against the plaintiff, and without probable cause swore to the same; that the said criminal complaint was sworn to by defendant charging plaintiff with unlawfully, willfully, and knowingly having in his possession intoxicating liquor, to wit, cider containing an excess of one-half of one per centum of alcohol, contrary to the ordinances of said city; that thereafter defendant, by reason of said complaint, maliciously and without probable cause procured a warrant for the arrest of plaintiff, and caused him to be arrested and deprived of his liberty; that all of the material allegations set forth in the affidavit made by defendant were false and untrue, and were made by defendant maliciously, with no sufficient provocation, without probable cause therefor, and without any personal knowledge on the part of the defendant of the facts therein sworn to, and without sufficient investigation to obtain knowledge concerning the same; that said complaint was made by defendant for the sole and only purpose of embarrassing, humiliating, and distressing plaintiff and injuring

him in his person, his good name and business. The plaintiff then, in substance, alleges that a trial was had on said complaint in the said city court, and that plaintiff was convicted of said alleged offense, but that the evidence upon which he was convicted was incompetent, immaterial, and wholly failed to prove any intention on the plaintiff's part to violate any law of the state or ordinance of said city. Finally, it is alleged by plaintiff that he appealed from said judgment of conviction to the district court of Salt Lake county, in which said court, on motion of the city attorney, the jury was instructed to return a verdict of not guilty; that said verdict was rendered and judgment of acquittal entered thereon; that by reason of the wrongful acts of defendant in swearing falsely to the complaint, charging plaintiff with an offense and otherwise causing plaintiff to be prosecuted thereon, plaintiff was damaged in the sum of $1,400.

Defendant interposed a general demurrer to the complaint, specifying in particular the fact that it appeared from the complaint that plaintiff was convicted of the offense charged in the city court, and notwithstanding it appeared that said conviction was reversed in the district court on appeal, it did not appear by any allegation that said conviction in the city court was procured by perjury or fraud.

The district court sustained the demurrer, and judgment was entered, dismissing the action. Plaintiff appeals.

The record presents but two questions for our consideration. (1) In an action for malicious prosecution, where the complaint alleges a conviction and afterwards an acquittal in the proceeding complained of, is it essential that the complaint should also allege that the conviction was procured by fraud or perjury, or other undue means? (2) If such allegation is essential, is the complaint in the case at bar fatally defective in this regard?

In an action for malicious prosecution at least three distinct matters are necessary to be alleged and proved: (1) that the proceeding complained of as ground for the action was without probable cause; (2) that the proceeding was malicious; and (3) that the proceeding was finally terminated

in favor of the plaintiff. In this case the defendant does not
contend that the complaint is defective in failing to allege
that the proceeding complained of by plaintiff was malicious.
Neither is it contended that the complaint fails to show that
the proceeding finally terminated in favor of the plaintiff.
The question is narrowed down to the proposition as to
whether or not the complaint on its face discloses a want of
probable cause for the proceeding complained of. The
complaint alleges the fact that plaintiff in the city court
was convicted of the offense instituted against him by
the defendant, and, under the authorities hereinafter cited,
such conviction is at least prima facie evidence of probable
cause for the prosecution, notwithstanding the conviction is
afterwards reversed. Some of the authorities go so far as to
hold that such evidence is absolutely conclusive, but in our
opinion the weight of judicial opinion as well as that of jurists
and text-writers, is to the effect that evidence of a conviction
is only prima facie, and may be rebutted by competent evi-
dence which impeaches the validity of the judgment. As will
be seen from the decisions to which we shall refer, the most
common expression is that a judgment of conviction against
the plaintiff in a case of this kind can be impeached and over-
thrown only by showing that the judgment was procured by
perjury, fraud, or other undue means. The majority of the
authorities brought to our attention by both of the parties to
this litigation demonstrate that such is the case wherever this
particular question is involved.

The authorities cited and relied on by respondent are as
follows: *Whitney* v. *Peckham,* 15 Mass. 243; *Griffis* v. *Sel-
lars,* 19 N. C. 492, 31 Am. Dec. 422; *Price* v. *Stanley,* 128 N.
C. 38, 38 S. E. 33; *Smith* v. *Thomas,* 149 N. C. 100, 62 S. E.
772; *Herman* v. *Brookerhoff,* 8 Watts (Pa.) 240; *Olson* v.
*Neal,* 63 Iowa, 214, 18 N. W. 863; *Saunders* v. *Baldwin,* 112
Va. 431, 71 S. E. 620, 34 L. R. A. (N. S.) 958, and note, Ann.
Cas. 1913B, 1049; *Crescent City, etc., Co.* v. *Butchers' Union,
etc., Co.,* 120 U. S. 141, 7 Sup. Ct. 472, 30 L. Ed. 614; *Bacon*
v. *Towne,* 4 Cush. (Mass.) 217; *Burt* v. *Place,* 4 Wend. (N.
Y.) 591; *Spring* v. *Besore,* 12 B. Mon. (Ky.) 551; *Thomas* v.

*Muehlmann,* 92 Ill. App. 571; *Holliday* v. *Holliday,* 123 Cal. 26, 55 Pac. 703; *Carpenter* v. *Sibley,* 153 Cal. 215, 94 Pac. ·879, 15 L. R. A. (N. S.) 1143, and note, 126 Am. St. Rep. 77, 15 Ann. Cas. 484; *Fones* v. *Murdock,* 80 Or. 340, 157 Pac. 148; Annotated note L. R. A. 1916F, 196-203; *Adams* v. *Bicknell,* 126 Ind. 210, 25 N. E. 804, 22 Am. St. Rep. 576; *Blucher* v. *Zonker,* 19 Ind. App. 615, 49 N. E. 911; *Haddad* v. *Chesapeake & O. R. Co.,* 77 W. Va. 710, 88 S. E. 1038, L. R. A. 1916F, 192; *Dennehey* v. *Woodsum,* 100 Mass. 195; *King* v. *Estabrooks,* 77 Vt. 371, 60 Atl. 84; *Schofield* v. *Thackaberry,* 115 Ill. App. 118; *Henderson* v. *McGruder,* 49 Ind. App. 682, 98 N. E. 137; *Topolewski* v. *Plankinton Pkg. Co.,* 143 Wis. 52, 126 N. W. 554.

The following cases are relied on by appellant: *Bowman* v. *Brown,* 52 Iowa, 437, 3 N. W. 609; *Moffatt et al.* v. *Fisher,* 47 Iowa, 473; *Goodrich* v. *Warner,* 21 Conn. 443.

In addition to these, the decisions that could be cited to the same effect are almost numberless, as will appear from the cases and notes specifically referred to. That the authorities are not in complete harmony will be found upon the most casual examination. The Minnesota court, in *Skeffington* v. *Eylward,* 97 Minn. 244, 105 N. W. 638, 114 Am. St. Rep. 711, divides the cases into three classes: (1) Those which hold that a conviction is conclusive evidence of probable cause, notwithstanding a reversal on appeal; (2) those in which it is held that a judgment of conviction, notwithstanding a reversal, can only be impeached by evidence that it was procured by fraud or perjury; and (3) those which hold that a judgment of conviction when reversed on appeal is only prima facie evidence which may be rebutted by any competent evidence which clearly overcomes the presumption arising from the effect of the conviction in the first instance. The writer, after a somewhat careful review of a large number of cases, including those cited, is of the opinion that the above classification by the Minnesota court is substantially correct. Conceding this to be true, there is no escape from the conclusion that a judgment of conviction, followed by      **2-4** a reversal, when offered as evidence in a case for mali-

cious prosecution, is at least prima facie evidence of probable cause for the prosecution. It follows therefore that where the complaint itself in an action for malicious prosecution shows that plaintiff was convicted in the proceeding complained of, notwithstanding a reversal afterwards on appeal, the complaint fails to state a cause of action, unless it goes farther and alleges some fact or facts the legal effect of which is to impeach the validity of the judgment and render it worthless as evidence of probable cause. The fact or facts so alleged should be to the effect that the judgment of conviction relied on as proof of probable cause was procured by fraud, perjury, or other undue or unfair means employed by the defendant.

This brings us to a consideration of the question as to whether or not the complaint in the present case is fatally defective in this respect. Before proceeding, however, to determine that question it is pertinent to make one or two observations upon other matters intimately connected with the question under review. All of the authorities which we have examined permit evidence of conviction for the purpose of proving probable cause. This is so because when one party is charged with prosecuting another without probable cause the most satisfactory evidence that there was probable cause would be a judgment of conviction, fairly obtained before an unbiased court or jury. This is so manifest as, in our judgment, to be uncontrovertible. But suppose the judgment of conviction was procured by perjury or fraud, or by any means which show that the judgment is invalid, unauthorized, and of no efficacy whatever as evidence of probable cause. Could it then be contended that such a judgment has probative value to establish probable cause? We have no hesitancy in holding that in such a case the probative effect of the judgment is entirely overcome, and that it stands in the case the same as if it had never been rendered. Suppose that the judgment was procured by testimony that was admittedly false and untrue. Should such a judgment in a case of this kind be given effect as proof of probable cause? Clearly not. And even though the testimony was not given willfully

and corruptly so as to make it a case of perjury as
known to the criminal law, nevertheless its probative
effect is just the same. It deceived and misled the court, and
caused him to enter a judgment which, for the purpose of
evidence in a case of this kind, should have no effect whatever.
In *Nehr* v. *Dobbs*, 47 Neb. at page 870, 66 N. W. at page 866,
a Nebraska case not cited in the briefs, the court said:

> "The reason that a conviction procured by perjury is not proof of
> the existence of probable cause for the prosecution is that the
> false testimony deceived the trial court, so that the inference nat-
> urally drawn from a judgment of that court is no longer a reason-
> able inference."

, This states the proposition in a nutshell. It is the falsity
of the testimony and its tendency to deceive and mislead the
court that vitiates the judgment and renders it ineffective
when offered as evidence of probable cause, whether the tes-
timony was willful and corrupt or given honestly and in
good faith.

This brings us to a consideration of such portions of the
complaint as are material to the question before us. After
quoting in full the affidavit filed by the defendant against the
plaintiff upon which the warrant of arrest was issued out of
the city court the complaint of plaintiff, in the fourth para-
graph, alleges:

> "Plaintiff further alleges that all the material allegations of fact
> set forth in said affidavit of said defendant as hereinbefore set
> forth were false and untrue, and were made by defendant mali-
> cious and with no sufficient provocation or probable cause therefor,
> and were made by defendant without any personal knowledge of
> the facts therein sworn to, and without sufficient investigation
> to obtain knowledge concerning the truth of the facts set out, con-
> tained, and sworn to in said complaint, and were made by said
> defendant for the sole and only purpose of embarrassing, humiliat-
> ing, and distressing this plaintiff and injuring him in his person
> and good name, and in his property, and were made by said defend-
> ant as plaintiff is informed and believes, and therefore alleges, with
> the object and purpose of injuring plaintiff's said business."

. It is also alleged in the fifth paragraph of the complaint
that a trial was had of said cause, and plaintiff was adjudged
to be guilty of violating the law as charged in said complaint,

and sentenced by the judge of said court. In the sixth paragraph it is alleged that the evidence in the district court to which the case was appealed showed that in truth and in fact all of the material allegations in the criminal complaint defendant filed in the city court were wholly false and untrue, and that the city attorney thereupon moved the said district court to instruct the jury to return a verdict of not guilty, which was accordingly done, and the judgment of acquittal was thereupon made and entered.

Without commenting in detail as to the meaning and effect of these allegations, it is sufficient to say they charge in effect that the whole proceeding against the plaintiff in the city court had its foundation upon testimony which was false and untrue, and, for the purposes of this case, that fact is admitted by the demurrer. Therefore, in accordance with the views hereinbefore expressed, it seems to the court that the invalidity of the judgment of the city court, relied on by the defendant as a defense, is sufficiently alleged in plaintiff's complaint, and that the court erred in sustaining the demurrer and dismissing the action.

In arriving at this conclusion we have not deemed it necessary to quote from or comment at length upon particular cases. They speak for themselves, and we are satisfied that the conclusion reached is within the spirit and intention of the best-reasoned opinions.

The case is therefore remanded to the district court of Salt Lake county, with directions to said court to reinstate plaintiff's complaint, overrule the demurrer interposed thereto, permit defendant to file an answer to said complaint upon such terms as may be just, and proceed with the hearing of said cause. Appellant to recover costs on appeal.

CORFMAN, C. J., and FRICK, WEBER, and GIDEON, JJ., concur.

ON APPLICATION FOR REHEARING.

THURMAN, J.

In his application for a rehearing respondent cites many

additional cases to the same effect as those cited in his former brief. We find no reason, however, for modifying the opinion heretofore rendered, except to make more clear the principle upon which we decided the question involved. We are not disposed to hold that a prosecutor acts without probable cause merely because it turns out that the information upon which he acts was false. But where, in addition to this fact, it is shown that the prosecutor either knew that the information upon which he acted was false, or had no personal knowledge of its truth, and made no investigation to determine its accuracy before instituting the prosecution, a different question is presented. A judgment obtained under either of said conditions should have no standing in a court of justice as evidence of probable cause, much less be treated as   7, 8 conclusive. While every reasonable allowance should be made for possible errors and mistakes, we know of no reason why in a case of this kind a judgment wrongfully or recklessly procured should be used as evidence by the wrongdoer to defeat the person injured in his efforts to obtain redress. Of course, we must assume the allegations of the complaint to be true. That is all that is before us. The complaint in this case not only alleges a judgment of conviction, but it also alleges other facts which in our opinion effectually impeached the judgment and rendered it worthless as evidence of probable cause.

The application for a rehearing is denied.

CORFMAN, C. J., and FRICK, WEBER, and GIDEON, JJ., concur.