## SINGH v. MACDONALD.

No. 3416. Decided March 6, 1920. (188 Pac. 631.)

1. MALICIOUS PROSECUTION—ALLEGATION THAT DEFENDANT DID NOT USE "DUE CARE" TO ASCERTAIN FACTS HELD INSUFFICIENT. In an action for malicious prosecution, an allegation that defendant did not use due care to ascertain whether or not a check was forged, or genuine, was not equivalent to an allegation that the prosecution was instituted without probable cause and was insufficient to state a cause of action.[1] (Page 543.)

2. JUDGMENT—MUST BE BASED ON COMPLAINT STATING CAUSE OF ACTION. In the absence of allegations essential and necessary to the statement of a cause of action, a judgment cannot be upheld. (Page 543.)

Appeal from District Court, Third District, Salt Lake County; *Wm. H. Bramel*, Judge.

Action by George E. Singh against N. A. Macdonald.

From a judgment for plaintiff, defendant appeals.

REVERSED and REMANDED, with directions.

---

[1] *Kennedy* v. *Burbidge*, 54 Utah, 497, 183 Pac. 325.

*W. E. Davis,* of Brigham, for appellant.

*J. H. Rozzelle,* of Salt Lake City, for respondent.

GIDEON, J.

In this action plaintiff seeks a money judgment against the defendant for alleged malicious prosecution. A trial was had and a verdict rendered by the jury in favor of plaintiff. Motion for a new trial was overruled, and the defendant appeals.

The defendant demurred to the original complaint on the ground that said complaint did not state a cause of action. The demurrer was overruled. At the close of the testimony in the case the plaintiff was permitted, over the objections of the defendant, to file an amended complaint. The sufficiency of the amended complaint is challenged by the assignments of error. The complaint, after alleging the fact of plaintiff's arrest on the verified complaint of the defendant charging forgery, his trial, and acquittal, further states: '

"The plaintiff alleges that the arrest of the plaintiff herein was unlawful, willful, and malicious, and was done for the purpose of injuring the plaintiff in the following particulars: That the defendant herein did not use due care in ascertaining or attempting to ascertain whether or not the check herein referred to was forged or genuine."

The indispensable elements or matters necessary to entitle one to recover in an action for malicious prosecution are stated in a recent decision of this court. *Kennedy* v. *Burbidge,* 54 Utah, 497, 183 Pac. 325. In that case, in an opinion prepared by Mr. Justice THURMAN, it is said:

"In an action for malicious prosecution at least three distinct matters are necessary to be alleged and proved: (1) That the proceeding complained of as ground for the action was without probable cause; (2) that the proceeding was malicious; and (3) that the proceeding was finally terminated in favor of the plaintiff."

In volume 5, Words & Phrases, page 4309, it is said:

"To maintain an action for malicious prosecution it must appear that there was no probable cause for the prosecution, and also that the defendant was actuated by malice in instituting the prosecution.

There must be both want of probable cause and malice." (Citing numerous cases.)

The same principle is stated in 26 Cyc. at page 20. See, also, *Rieger & Co.* v. *Knight*, 128 Md. 189, 97 Atl. 358, L. R. A. 1916E, 1277.

The respondent, does not, as I understand his position, deny the rule of law stated in the foregoing excerpts, but insists that he has met such requirements by the allegations that the defendant herein did not use due care to ascertain the facts. It is apparent, on a moment's reflection, that ''failure to use due care'' is not synonymous with ''without probable cause.'' The defendant may have exercised the greatest care in ascertaining all of the facts surrounding the alleged offense, and at the same time the facts so found would have convinced any prudent person that there was an absence of probable cause that the plaintiff was guilty of the offense. On the other hand, the elements of probable cause might exist without the exercise of any or but little care on the part of the accuser in the criminal prosecution. If it is found that probable cause did, in fact, exist, it would be a complete answer and defense in this as well as in all actions of malicious prosecution regardless of whether due care or any care had been taken by the defendant in causing the arrest and prosecution of the plaintiff in such action.

We are unable to agree with the respondent that the allegations of the complaint, tested by the above requirements, state a cause of action. In the absence of the essential and necessary allegations in the complaint to state a cause of action it must necessarily and logically follow that any judgment based upon such complaint cannot be upheld. The language of the Supreme Court of the United States, in *Wheeler* v. *Nesbitt*, 24 How. 544, 16 L. Ed. 765, quoted by the Supreme Court of Arizona in *Griswold* v. *Horne*, 19 Ariz. 63, 165 Pac. 320, L. R. A. 1918A, 865, is enlightening upon the question under consideration. It reads as follows:

"Undoubtedly, every person, who puts the criminal law in force maliciously, and without any reasonable or probable cause, commits a wrongful act; and if the accused is thereby prejudiced, either in his person or property, the injury and loss so sustained constitute

the proper foundation of an action to recover compensation. Malice alone, however, is not sufficient to sustain the action, because a person actuated by the plainest malice may nevertheless prefer a well-founded accusation, and have a justifiable reason for the prosecution of the charge. Want of reasonable and probable cause is as much an element in the action for a malicious criminal prosecution as the evil motive which prompted the prosecutor to make the accusation; and, though the averment is a negative one in its form and character, it is nevertheless a material element of the action, and must be proved by the plaintiff by some affirmative evidence, unless the defendant dispenses with such proof by pleading singly the truth of the several facts involved in the charge."

There are other alleged errors assigned but an examination of the record does not show that they were prejudicial to the defendant.

It follows that the judgment of the district court must be reversed, and the cause remanded, with directions to grant a new trial and to permit the parties to amend the pleadings if they so elect. Appellant to recover costs on appeal.

CORFMAN, C. J., and FRICK, WEBER, and THURMAN, JJ., concur.